**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-00154-WJM-CBS

BIO MED TECHNOLOGIES CORPORATION,
    Plaintiff,
v.

SORIN CRM USA, INC., f/k/a ELA MEDICAL, INC.,
    Defendant.
_____

**STIPULATION FOR THE TREATMENT OF ELECTRONICALLY STORED INFORMATION**
_____

Plaintiff Bio Med Technologies Corporation and Defendant Sorin CRM USA, Inc. (collectively, the "Parties") hereby stipulate to the following guidelines for locating and producing potentially relevant electronic Documents and avoiding unnecessary costs.  This stipulation does not prevent the parties from negotiating additional agreements regarding discovery as may be necessary in the course of this case.  Nor is this stipulation intended to override the requirements of the Federal Rules of Civil Procedure as they apply to electronic discovery.  In the event of conflict, the Federal Rules of Civil Procedure govern.

**A.**     **SCOPE OF E-DISCOVERY**

Each party will conduct a diligent search of those reasonably accessible sources in which it has reason to believe relevant electronically stored information ("ESI") responsive to the opposing party's discovery requests will be found.  Reasonably accessible sources of ESI include personal computer hard drives, e-mail accounts, shared network drives, and other storage devices or media.

**B.    DEFINITIONS**

1.    <u>ESI.</u>  The term "ESI" refers to any electronically stored information in the possession, custody, or control of the parties that are e-mail or active-user files—including, but not limited to, e-mail, calendars, word-processing Documents, spreadsheets, electronic slide presentations, databases, and other reasonably accessible electronically stored information reasonably anticipated to be subject to discovery pursuant to the Federal Rules of Civil Procedure.

2.    <u>Document(s).</u>  The term "Document(s)" is synonymous and equal in scope to usage of this term in Fed. R. Civ. P. 34(a) and to the terms "[w]ritings and records," "photographs," "original," and "duplicate" defined in Fed. R. Evid. 1001.  Document means the original (or an identical duplicate if the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description that are fixed in any medium upon which intelligence or information can be recorded or retrieved—including, but not limited to, documents fixed in tangible media or electronically or digitally stored on disk or tape in native format.  This includes, without limitation, all ESI.

3.    <u>Preservation.</u>  The term "Preserve" or "Preservation" is to be interpreted in accordance with the Federal Rules of Civil Procedure to accomplish the goal of maintaining the integrity of all Documents, ESI, and tangible objects reasonably anticipated to be the subject of discovery in this action.  Preservation includes taking reasonable steps to prevent the partial or full destruction, alternation, testing, deletion, shredding, incineration, wiping, relocation, migration, theft, or mutation of such material, as well as negligent or intentional handling that would make material incomplete or inaccessible.

**C.     PRESERVATION GUIDELINES**

Each party has instituted a process to identify and Preserve the potentially relevant electronic Documents of individual employees (or other individuals for whom a party has the right to access electronic Documents) who can reasonably be identified as potentially having information related to the proceeding.  Each party has circulated a litigation hold notice designed to ensure the Preservation of potentially discoverable electronic and other information to those employees reasonably identified as potentially possessing such information.

**D.     EXCLUSIONS**

The parties agree that the circumstances of this case do not warrant the preservation, review, or production of ESI that is not reasonably accessible because it is unlikely that significant relevant information would be located in those sources that is not otherwise available in reasonably accessible sources.  Moreover, the remote possibility of locating relevant information is substantially outweighed by the burden and cost of preservation and/or review and production of ESI from those sources.  The parties agree that the following ESI need not be reviewed for production and is not discoverable except upon a showing of good cause:

1. Backup tapes and systems created for the sole purpose of disaster recovery.
2. Voicemail, except for voicemail, if any, that is converted to text and forwarded to the recipient's email account.
3. Instant Messaging, except for instant messaging that has been logged in the ordinary course of business.
4. Residual, deleted, fragmented, damaged, or temporary data (e.g., data stored in a computer's RAM) or other data only accessible by forensics.
5. Encrypted data/password protected files, where the key or password cannot be ascertained after reasonable efforts.

6. Electronic mail or pin-to-pin messages sent to or from mobile devices (e.g., iPhone and Blackberry devices), provided that a copy of such mail is routinely saved elsewhere.

7. Other electronic data stored on a mobile device, such as calendar or contact data or notes, provided that a copy of such data is routinely saved elsewhere.

8. Logs of calls made from mobile devices.

9. Server, system or network logs.

10. Data remaining from systems no longer in use that is unintelligible on the systems in use.

Nothing in this provision or Order precludes the Parties from subsequently agreeing to otherwise or further limit the scope of ESI.

**E.     FILTERING**

Each party will conduct a diligent search of those reasonably accessible sources in which it has reason to believe relevant ESI responsive to the opposing party's discovery requests will be found. The producing party shall then collect and process relevant Documents using forensically sound methods that avoid spoliation of data. In an effort to control costs and reduce the volume of ESI that is not relevant to the matter, the parties may filter responsive ESI using the following techniques:

1. <u>Search Terms and Custodians.</u> The parties may employ reasonable keyword search terms by custodian to filter for responsiveness, relevance, date, and file extension prior to review and production.

2. <u>Duplicates</u>. The parties may remove duplicative ESI to reduce unnecessary cost of reviewing and producing duplicative ESI. The parties must retain metadata for all duplicate Documents as described in Section F.3 below.

4

**F.     FORM OF PRODUCTION**

1.     <u>Paper Documents.</u>  Hard copy, paper Documents will be produced as sequentially bates-numbered images.  Each party will produce paper Documents in image format in order to reduce copying charges thus controlling costs.  The images produced by both parties will be black-and-white portable Document format ("PDF") images.  Each party will accommodate reasonable requests for production of images in color.

2.     <u>Electronic Documents.</u>  Electronic Documents will be produced in the form most conducive to the type and nature of the specific electronic Documents.

   a.     ***Image and Searchable Text File.***  Except as noted below, each party will produce electronic Documents as PDF images, adhering to the specifications noted above for paper Documents.  The production shall include an Opticon load file and Concordance .dat file that indicates Document breaks to accompany the PDF images.  The parties further agree that when possible extracted text (for all Documents that have extracted text – e.g., Word Documents, Excel™ spreadsheets, etc.) or OCR information (for those files that do not have extracted text or Documents produced in redacted format) will be exchanged for each Document produced.  Metadata information will be produced in a .dat file with first row of the file to contain the name of fields being produced.  Production in image format with searchable text provides both parties with a static image that can be redacted, numbered, authenticated and allows both parties the ability to search the text of the electronic Documents.  Moreover, production in image format with searchable text eliminates the problems associated with opening files maintained in a variety of software applications.

   b.     ***Email.***  In the case of email, the corresponding .dat file shall include header information including: (1) the individual to whom the communication was directed ("To"), (2) the author of the email communication ("From"), (3) who was copied and blind copied

on such email ("CC" and "BCC"), (4) the subject line of the email ("RE" or "Subject"), (5) the date sent, and (6) the date received.  In the case of email that is a parent Document within a user's mailbox (i.e., contains attachments such as other Documents or emails), the producing party shall also provide the Document identification range of each responsive and non-privileged attachment in order to determine email parent-child relationship.

      c.    **_Spreadsheets._**  Excel™ and other types of spreadsheets are often dynamic in nature and may not be conducive to static image; therefore, a party may at its option produce (or request production of) Excel™ and other spreadsheets in their native application if it appears that there is a legitimate need for information that cannot be derived from the static image.  To the extent that print-outs or images of all or part of a spreadsheet were also maintained in static form (e.g., as a .pdf attachment or a hard copy in a file), those Documents will be produced as static images consistent with the specifications for production of paper.  Native files will be produced with accompanying slip sheets indicating that the Document has been produced as a native file.  The file name of any file produced in native format will include the Document identification, and may include the confidentiality designation, where applicable.

      d.    **_Databases._**  Certain types of databases are dynamic in nature. Furthermore, they will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  A party may at its option produce relevant information from a database in an alternate form, such as a report or data table.  These reports or data tables will be produced in either a static image format or in a popular database application, such as Access™ database, upon a showing of the need for and relevance of having the information in a database application.  To the extent that relevant and responsive reports or data tables were also maintained in static form

(e.g., as a .pdf attachment or a hard copy in a file), those Documents will be produced as static images consistent with the specifications for production of paper.

  e. ***Image Not Readable/Conversion Not Practicable.*** Where PDF images of certain Documents (for example, spreadsheets, Powerpoint™ files, or drawings) are not readable due to processing constraints, the parties may request their production in native or other appropriate format.

  3. <u>Metadata.</u> The parties will preserve all original ESI, including the associated metadata.  However, because the majority of metadata is unusable and the time required to review the metadata makes its production cost-prohibitive, the parties will not produce metadata in the first instance, with the exceptions of (a) spreadsheet formulas contained in natively produced spreadsheets, (b) PowerPoint™ notes or the equivalent, (c) hidden comments in Word™ or equivalent software programs, (d) Date Created, (e) Original File Name, and (f) the e-mail fields noted in Section F.2.b above.  Each party will accommodate reasonable requests for production of additional metadata in connection with a reasonable number of specific Document(s) upon a showing of the need for and relevance of such metadata.  Such requests for metadata must be made in writing.

  4. <u>Production Format – Physical Form of Production.</u> Electronic Documents shall be produced, where possible, on a CD-ROM, DVD, or a portable hard drive.

## G. INFORMATION NOT ADDRESSED IN THIS PROTOCOL

To expedite discovery of relevant electronic evidence and reduce costs, the parties will discuss and attempt in good faith to resolve all issues involving information not addressed in this Stipulated Electronic Discovery Protocol before bringing them to the Court.

**H.    NO WAIVER**

By complying with this Stipulated Electronic Discovery Protocol, no Party waives any objection to the production of the Documents, tangible items or things, and ESI that is preserved.  Furthermore, nothing contained herein relieves the Parties of their obligations to preserve evidence under other applicable laws, procedures, or regulations.

**I.    PROTECTIVE ORDER**

The terms of the Protective Order governing inadvertent production of privileged information also govern all production pursuant to this Stipulated Order.  The production of ESI is subject to the Parties' rights under the Protective Order, the practices of the Court, and the rules to request the return of inadvertently produced ESI.

STIPULATED AND AGREED BY THE PARTIES:

| | |
|---|---|
| */s/ JoAnne Zboyan* | */s/ Jared B. Briant* |
| JoAnne Zboyan | Faegre Baker Daniels LLP |
| Springer and Steinberg, P.C. | 3200 Wells Fargo Center |
| 1600 Broadway, Suite 1200 | 1700 Lincoln St. |
| Denver, Colorado 80202 | Denver, Colorado 80203 |
| Phone:  (303) 861-2800 | Phone:  (303) 607-3500 |
| Fax:  (303) 832-7116 | Fax:  (303) 607-3600 |
| Email:  jzboyan@springersteinberg.com | Email: jared.briant@faegrebd.com |
| | |
| Brian J. Rayment | Kathryn A. Feiereisel |
| Kivell, Rayment & Francis, P.C. | Faegre Baker Daniels LLP |
| 7666 East 61st St., Suite 550 | 311 S. Wacker Drive, Suite 4400 |
| Tulsa, OK 74133 | Chicago, Illinois 60606-6622 |
| Phone:  (918) 294-0047 | Telephone:  (312) 212 6500 |
| Fax:  (918) 254-7915 | Facsimile:  (312) 212 6501 |
| Email:  Brayment@kivell.com | Email:  katie.feiereisel@faegrebd.com |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

ENTERED BY THE COURT this 7th day of April, 2014.

                                                                s/Craig B. Shaffer
                                                                United States Magistrate Judge