**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-00154-WJM-CBS

BIO MED TECHNOLOGIES CORPORATION,

    Plaintiff,

v.

SORIN CRM USA, INC., f/k/a ELA MEDICAL, INC.,

    Defendant.

_____

**FIRST AMENDED STIPULATED PROTECTIVE ORDER**
_____

Plaintiff Bio Med Technologies Corporation and Defendant Sorin CRM USA, Inc. (collectively, the "Parties") hereby stipulate and move the Court for entry of this First Amended Stipulated Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, in support thereof, state as follows:

**1.     PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of information or documents that one or more Parties or other Third Parties have deemed confidential. This Protective Order governs the production and treatment of such information and documents, on the terms and conditions set forth below.

**2.    DEFINITIONS**

    2.1    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their respective support staff).

    2.2    Non-Party:  an entity or individual not named in this action, including all of its officers, directors, employees, consultants, retained experts, and Counsel (and their respective support staff).

    2.3    Counsel:  any attorney employed or retained who represents a Party or Non-Party in this action.  This definition shall apply to all attorneys of a law firm, regardless of whether any individual attorney has entered an appearance in the case.

    2.4    Discovery Material:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    2.5    "Confidential" Information:  "Confidential" Information includes all non-public materials containing information regarding, but not limited, to:  (i) financial or business plans or projections; (ii) proposed strategic transactions and other business combinations, negotiations, inquiries or agreements including, but not limited to, joint ventures, mergers, purchases, buy-outs, consolidations, transfers of interests and partnerships; (iii) trade secrets, trading systems and proprietary technical information; (iv) studies or analyses by internal or outside experts or consultants; (v) financial or accounting results or data; (vi) customer lists, bids, solicitations and information; (vii)

competitive analyses; (viii) personnel files or data; (ix) product development and planning; (x) personal financial, tax or employment information; (xi) business, management and marketing plans and strategies; (xii) costs of goods and services; (xiii) pricing of goods and services; (xiv) acquisition offers and expressions of interests; (xv) contracts or agreements with customers, employees, affiliates or partners; (xvi) complaints, disputes, litigation, mediation or arbitration with customers, employees, affiliates or partners; (xvii) stockholder lists, registers and data; and (xviii) other personally sensitive or proprietary information.

    2.6    <u>"Attorneys Eyes Only" Information</u>:  The parties shall have the limited right to further designate extremely sensitive, confidential information , the disclosure of which could cause substantial competitive or business injury  to the designating party as "Attorneys' Eyes Only."  Such information, consistent with Paragraph 7, below, would include information not publicly available from which the Receiving Party or some other party could gain an advantage (economic or otherwise) if disclosed, and include, but not be limited to, trade secrets and business strategy.  The Designating Party may  make an "Attorneys' Eyes Only" designation only upon a good faith assessment that the material covered by such designation represents confidential commercial information of such a sensitive nature that its production/dissemination cannot be adequately covered by the protections set forth in Paragraph 2.5 above.  Any/all materials so designated must contain highly sensitive business strategy, financial documents or information, or other proprietary information or trade secrets which the Designating Party believes in good faith will harm its competitive position if it becomes known to any person, entity, or

Party other than the Designating Party.  Access to Attorneys' Eyes Only Information shall be limited to persons designated in Paragraphs 7(a), (c), (d), (e), and (f), below.

  2.7 <u>Receiving Party</u>:  a Party that receives Discovery Material from a Producing Party.

  2.8 <u>Producing Party</u>:  a Party or Non-Party that produces Discovery Material in this action.

  2.9 <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Attorneys Eyes Only."

  2.10 <u>Protected Material</u>:  any Discovery Material that is designated as "Confidential" or "Attorneys Eyes Only."

  2.11 <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who:  (a) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action; (b) is not a past or a current employee of a Party or of a competitor of a Party; and (c) at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.

  2.12 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

**3.      SCOPE**

The protections conferred by this Protective Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, as well as deposition testimony, conversations, or presentations by any Party or Counsel to or in court or in other settings that might reveal Protected Material.  This excludes presentation in any public trial or judicial proceeding.

**4.      DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  If it comes to a Party's or a Non-Party's attention that Discovery Material that it designated for protection does not qualify for protection, that Party or Non-Party must promptly notify all other parties that it is withdrawing the designation and remove the designation of the relevant Discovery Material.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (*see, e.g.*, Section 5.2(b)), or as otherwise stipulated or ordered, material that

qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Discovery Material shall be designated as follows:

(a) For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), the Producing Party shall affix the legend "Confidential" or "Attorneys Eyes Only" on each page that contains Protected Material. A Party or Non-Party that makes original documents or materials available for inspection must designate them for protection at the time of production or After the inspecting Party has identified the documents to be copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the legend "Confidential" or "Attorneys Eyes Only" on each document or the portion of the document that contains Protected Material.

(b) For testimony given in deposition or in other pretrial or trial proceedings in this case, the Party or Non-Party offering or sponsoring the testimony shall identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "Confidential" or "Attorneys Eyes Only." The Party or Non-Party that sponsors, offers, or gives the testimony may also designate the testimony as a whole. Testimony that is designated as a whole shall cease to be protected under this Order on the 21st day after receipt of the deposition transcript by Counsel for the witness unless, before that time has elapsed, the witness, his/her employer, or Counsel: (i) informs the deposing party in writing that protected testimony of the witness or his employer is set forth in the

transcript; and (ii) identifies in writing the portions of the transcript containing the protected testimony.  Transcript pages containing Protected Material resulting from this action must be separately bound by the court reporter, who must affix to the top of each such page the legend "Confidential" or "Attorneys Eyes Only," as instructed by the Party or Non-Party offering or sponsoring the witness or presenting the testimony.

(c) For electronic documents produced in native format, the Producing Party shall include the legend "Confidential" or "Attorneys Eyes Only" in the file name for each natively produced document that contains Protected Material.

(d) For information produced in non-documentary form, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential" or "Attorneys Eyes Only."

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Attorneys Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or "Attorneys Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness,

unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.   A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.  If, however, a Party has initiated a challenge to a Designating Party's confidentiality designation, in writing, and the Designating Party does not respond within 10 business days, the challenging Party may proceed to the next stage of the challenge process.

6.3     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party, or after not receiving a response from the Designating Party within 5 business days after initiating the challenge, may file a motion that identifies the challenged material and sets forth in detail the basis for the challenge, provided that the challenging Party has otherwise complied with this Court's procedures for resolving discovery disputes.  Each such motion must be accompanied by a competent declaration that

affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue, if any.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to treat the material in question as "Confidential" or "Attorneys Eyes Only."

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    Basic Principles.  All Protected Information shall be used solely for the purposes of litigation between the parties in this action, and no person receiving such Protected Information shall, directly or indirectly, use, transfer, disclose, or communicate in any way the contents of the Protected Material to any person other than those specified in this Protective Order.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  Any use of Protected Material governed by this Protective Order for competitive or other purposes is prohibited.

7.2    Disclosure of "Confidential" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, and subject to the additional restrictions in Section 2.6 with respect to "Attorneys Eyes Only" information, a Receiving Party may disclose any information or item designated "Confidential" only to:

(a)    The Receiving Party's Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     The officers, directors, and employees of the Receiving Party who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" attached hereto as Exhibit A.  All persons who have access to material protected under this Protective Order shall be bound by its terms, even after leaving the employ of a Party.

(c)     Subject to the provisions in Paragraph 8, below, Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound by Protective Order" attached hereto as Exhibit A;

(d)     The Court and its personnel;

(e)     Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

(f)      The author of the document, the original source of the information, and others who had access to the document or the information at the time it was created or made available, as determined from the face of the document in question, reference information in other documents, or the testimony of other witnesses.

**8.     WRITTEN ASSURANCE**

Each person designated pursuant to Paragraph 7.2(c) to receive Protected Material shall execute the "Acknowledgement and Agreement to Be Bound by Protective Order" attached as Exhibit A ("Written Assurance") prior to receiving any Protected Material, except that a Written Assurance is not required (i) for support

personnel for such Experts, or (ii) to provide assistance as mock jurors or focus group members.

Counsel for the Party or Non-Party that has produced such Protected Material shall be notified in writing at least 5 business days prior to any intended disclosure of such Protected Material to any person designated pursuant to Paragraph 7.2(c), where such person is presently performing work for any medical device company in the cardiac rhythm management field.  When such notice is required it shall provide a sufficient description of the person to whom disclosure is sought to permit objection to said disclosure, together with the executed Written Assurance for such person.

If the Producing Party objects in writing to such disclosure within 5 business days after receipt of notice, no disclosure of any such Protected Material shall be made until the party seeking disclosure obtains the approval of the Court or the objecting party or third party.  In such a case of objection to disclosure, the Parties and any Non-Parties will confer and in good faith attempt to reach agreement.  If the requested disclosure is not ultimately agreed to, the party seeking to disclose such Protected Material may move the Court for appropriate relief.  The Party or Non-Party objecting to the disclosure shall have the burden of proving that such Protected Material warrants protection from disclosure to said designated person.  Under such circumstances, no disclosure will occur until the Court has resolved the dispute.

**9.    THIRD PARTIES**

Non-Parties producing documents or providing testimony in the course of this case may also designate Discovery Material as "Confidential" or "Attorneys Eyes Only"

subject to the same protections and constraints as the Parties to the case.  A copy of this Protective Order shall be served along with any subpoena served in connection with this case.  All Discovery Material produced by such Non-Parties shall be treated as "Confidential" or "Attorneys Eyes Only" only if so marked, Any Party may designate such Discovery Material pursuant to the terms of the Protective Order within 10 business days of receipt of said documents.

**10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" or "Attorneys Eyes Only," the Receiving Party must notify the Designating Party in writing promptly, and in no event more than 10 business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must inform the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the

expenses of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.  **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify the Designating Party in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Written Assurance that is attached hereto as Exhibit A.

12.  **INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL**

Nothing in this Protective Order shall require production of information which a Party or any Non-Party contends is protected from disclosure by the attorney-client privilege or the work product immunity.  If information subject to a claim of attorney-client privilege or work product immunity is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work product immunity for such information.  If a Party has inadvertently produced to the other Party information subject to claim of immunity or privilege, the other Party upon request shall promptly return, delete or destroy the document (as well as any and all copies) for which a claim of inadvertent production is made and shall certify to that effect.  The Party returning such information may then

move the Court for an Order compelling production of such information (provided that the challenging Party has otherwise complied with this Court's procedures for resolving discovery disputes), but the motion shall not assert as a ground for production the fact or circumstances of the inadvertent production. In such a circumstance, the challenging party may retain one copy of each document that is subject to the challenged claim of privilege for the sole purpose of pursuing the challenge.

**13.    FILING PROTECTED MATERIAL**

Absent written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party seeking to file Protected Material under seal with the Court must follow the procedures set forth in D.C.COLO.LCivR 7.2. All restricted documents shall be served on the non-filing party outside of the CM/ECF system. Either Party may seek further protections from the Court prior to disclosure of materials or information designated as "Confidential" or "Attorneys Eyes Only" at trial or a hearing.

**14.    FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days after the final termination of this action (including any appeals), each Receiving Party must either destroy or return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the

14

Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that certifies that the Protected Material was returned or destroyed.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product (including work product of retained outside independent persons), even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4, above.

**15.**   **MISCELLANEOUS**

15.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

15.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosure or production of any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

STIPULATED AND AGREED BY THE PARTIES:

*/s/ JoAnne Zboyan*
JoAnne Zboyan
Springer and Steinberg, P.C.
1600 Broadway, Suite 1200
Denver, CO 80202
Telephone: (303) 861-2800
Facsimile: (303) 832-7116
Email: jzboyan@springersteinberg.com

Brian J. Rayment
Kivell, Rayment & Francis, P.C.
7666 East 61st St., Suite 550
Tulsa, OK 74133
Telephone: (918) 294-0047
Facsimile: (918) 254-7915
Email: brayment@kivell.com

*Counsel for Plaintiff*

*/s/ Jared B. Briant*
Jared B. Briant
Faegre Baker Daniels LLP
3200 Wells Fargo Center
1700 Lincoln St.
Denver, CO 80203
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
Email: jared.briant@faegrebd.com

Kathryn A. Feiereisel
Faegre Baker Daniels LLP
311 S. Wacker Drive, Suite 4400
Chicago, IL 60606-6622
Telephone: (312) 212-6500
Facsimile: (312) 212-6501
Email: katie.feiereisel@faegrebd.com

Katherine W. Wittenberg
Faegre Baker Daniels LLP
1470 Walnut Street, Suite 300
Boulder, CO 80302
Telephone: (303) 447-7700
Facsimile: (303) 447-7800
Email: katherine.wittenberg@faegrebd.com

*Counsel for Defendant*

ENTERED BY THE COURT this  11th  day of   December    2014.

_____
United States Magistrate Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT
## TO BE BOUND BY PROTECTIVE ORDER

I, _____, currently office at _____, in the city of _____, state of _____. I am currently employed by _____ and my current job title is _____.

I have read in its entirety and understand the Stipulated Protective Order dated _____, entered in the in *Bio Med Technologies Corp. v. Sorin CRM USA, Inc.*, Civil Action No. 14-cv-00154-WJM-CBS (D. Colo.).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions by the Court.  I shall not use or disclose in any manner any Protected Information that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I submit myself to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on: _____          _____
                        (Date)                                      (Signature)